FILED
United States Court of Appeals
Tenth Circuit

December 6, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMMY JOE PERRYMAN,

    Defendant - Appellant.

No. 16-5141
(D.C. Nos. 4:15-CV-00237-CVE-PJC and
4:11-CR-00100-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Sammy Perryman, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to challenge the dismissal of his 28 U.S.C. § 2255 motion. We

deny a COA and dismiss the appeal.

**I**

Perryman pled guilty to bankruptcy fraud and money laundering, after which a

jury convicted him of arson, mail fraud, and using fire and explosives to commit a felony.

These charges arose primarily out of Perryman's attempt to burn down a health club he

owned in order to collect the insurance proceeds. He was sentenced to 180 months'

imprisonment, and we affirmed his convictions on direct appeal. United States v.

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Perryman, 558 F. App'x 795 (10th Cir. 2014) (unpublished).  Perryman subsequently filed a § 2255 motion alleging ineffective assistance of counsel.  The district court denied relief and declined to issue a COA.  Perryman now seeks a COA from this court.

## II

A prisoner may not appeal the denial of relief under § 2255 without a COA. § 2253(c)(1)(B).  We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  Under this standard, Perryman must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

To succeed on an ineffective assistance of counsel claim, a prisoner must establish both "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "Strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy."  Moore v. Marr, 254 F.3d 1235, 1239 (10th Cir. 2001) (quotation, citation, and alteration omitted).

In his first claim for relief, Perryman asserts that defense counsel was ineffective for failing to introduce trial testimony and a report from an expert witness, Dr. David Lilley, on the timing of the fire at the health club. Because Perryman left his club at approximately 6:00 p.m. and the fire was not reported until close to midnight, defense counsel had planned to argue that someone else must have set the fire later that night. After learning of this strategy, the government solicited an expert report from Lee McCarthy, which concluded that the fire could have been set at 6:00 p.m. and smoldered for six hours. The district court granted defense counsel's motion in limine to exclude McCarthy's report and testimony as not timely disclosed. However, the court explained that if the defense introduced testimony suggesting the fire could not have smoldered for six hours, the government would be allowed to introduce McCarthy's opinions as rebuttal evidence. After this ruling, defense counsel retained Dr. Lilley as an expert witness but ultimately decided not to present his report and testimony at trial. This, in turn, prevented the introduction of McCarthy's report and testimony.

We agree with the district court that Perryman's claim regarding Dr. Lilley fails. In an affidavit submitted to the court, defense counsel states that he made the strategic decision not to call Dr. Lilley because he believed the benefit of Dr. Lilley's testimony would be outweighed by the harm of McCarthy's. This decision was not "completely unreasonable." Moore, 254 F.3d at 1239 (quotation omitted).

Perryman also argues that trial counsel was ineffective for failing to introduce payroll records to undermine a government witness' testimony against him. A

3

former health club employee testified at trial that prior to the fire Perryman asked to borrow money from him, and then reduced his pay when he refused. Even assuming counsel was ineffective for failing to obtain records that would have undermined this testimony,[1] Perryman cannot establish prejudice. Given the government's substantial evidence of Perryman's financial problems, there is no reasonable probability that rebutting this testimony would have affected the outcome of the trial. See Perryman, 558 F. App'x at 800 ("[T]he government's circumstantial case was extremely powerful.").

Finally, Perryman argues that counsel was ineffective, and his Sixth Amendment right to confront witnesses was violated, because counsel failed to subpoena the authors of the studies relied upon in McCarthy's expert report. The district court correctly concluded this argument is meritless: McCarthy's report was never introduced at trial, thus there could not have been any violation of the Confrontation Clause. Cf. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 309 (2009) (the Confrontation Clause guarantees "a defendant's right to confront those who bear testimony against him" (quotation omitted)). We similarly reject any suggestion by Perryman that his counsel was ineffective for failing to introduce McCarthy's report in order to cross-examine him.

---

[1] Perryman has not provided any evidence, beyond his conclusory assertions, that the relevant payroll records exist.

4

## III

For the foregoing reasons we **DENY** a COA and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge